## Ex parte PRIMO PASSINI.

No. A-4148.    Opinion Filed Jan. 18, 1922.
(203 Pac. 242.)

(Syllabus.)

1. **Habeas Corpus—Right to Bail—Burden of Proof on Petitioner.**
Upon an application for bail by writ of habeas corpus, after commitment, for a capital offense, by an examining magistrate,

the burden of proof is upon the petitioner to show that the proof of his guilt is not evident nor the presumption thereof great.

2. **Same—Insufficiency of Evidence.** Evidence on application for bail considered, and held insufficient to show that petitioner is entitled to be admitted to bail as a matter of legal right.

Primo Passini was committed on a charge of murder and his petition for bail denied, and he brings habeas corpus to be let to bail. Writ denied and bail refused.

E. C. Marianelli and Philos S. Jones, for petitioner.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J. In this proceeding petitioner Primo Passini by his attorneys presented to this court a verified petition, wherein he alleges that he is illegally restrained of his liberty by Austin Park, sheriff of Latimer county, and that his illegal confinement and detention consists in this, to wit, that an order of commitment was issued by H. E. McLarty, justice of the peace in and for Wilburton, Latimer county, on the 2d day of December, 1921, upon a preliminary examination had upon a complaint wherein petitioner was charged with the crime of murder, alleged to have been committed in said county on or about the 20th day of November, 1921, by shooting and killing one Sesto Pranzini, and that under the evidence introduced on said examination the proof of his guilt is not evident nor the presumption thereof great. It is also averred that on application for bail before E. F. Lester, judge of the district court of Latimer county, hearing was had, and petitioner was denied bail.

The rule is well settled that on the hearing of an application for admission to bail by one held under a commitment for murder the burden of proof is on the petitioner to show that the proof of his guilt is not evident nor the presumption

thereof great. The theory of the state was that it was a lying in wait assassination. The defendant did not take the witness stand on the preliminary examination nor on the hearing of his application for bail before the district court.

Without entering into a discussion of the facts in evidence, we deem it sufficient to say that upon a careful consideration of all the evidence presented we are of opinion that the petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied, and bail refused.

MATSON and BESSEY, JJ., concur.